PER CURIAM
*466 *787 Mother and child appeal the jurisdictional judgment in this dependency case. In her first assignment of error, mother challenges the juvenile court's subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), ORS 109.701 - 109.834.[1] See ORS 419B.803(2) ("Juvenile court jurisdiction is subject to [the UCCJEA]."). She argues that the record does not contain sufficient evidence for the court to find that it had subject matter jurisdiction under ORS 109.741. The Department of Human Services (DHS) concedes the error. We agree and reverse the juvenile court's judgment. That disposition obviates the need to address mother's other assignments of error, or child's assignments of error.
At the jurisdictional hearing, it was undisputed that mother resides in Missouri, and that father had moved with child from California to Oregon in February 2018. DHS filed a dependency petition concerning child that same month.
The UCCJEA's general jurisdictional provision, ORS 109.741, provides:
"(1) Except as otherwise provided in ORS 109.751, a court of this state has jurisdiction to make an initial child custody determination only if:
"(a) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state;
"(b) A court of another state does not have jurisdiction under subsection (1)(a) of this section, or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under ORS 109.761 or 109.764, and:
*788 "(A) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and
"(B) Substantial evidence is available in this state concerning the child's care, protection, training and personal relationships;
"(c) All courts having jurisdiction under subsection (1) (a) or (b) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under ORS 109.761 or 109.764 ; or
"(d) No court of any other state would have jurisdiction under the criteria specified in subsection (1)(a), (b) or (c) of this section.
"(2) Subsection (1) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
"(3) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."
"Home state" is defined in the UCCJEA, in relevant part, as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." ORS 109.704(7).
DHS acknowledges that "the record demonstrates that Oregon is not the child's home state," and that the record "does not contain any evidence that would support a determination that the juvenile court had subject matter jurisdiction under the UCCJEA." DHS concedes that, on the record in this case, the juvenile court "was not authorized to enter the jurisdictional judgment." We agree and accept the concession.
Reversed.

Although mother did not raise the issue below, subject matter jurisdiction under the UCCJEA "cannot be conferred by consent, waiver, or estoppel and may be raised at any time." Schwartz and Battini , 289 Or.App. 332, 338, 410 P.3d 319 (2017).